IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | Case No. 3:25-cr-00018-TMB-MMS-2 |
|---|---|
| Plaintiff, | |
| v. | ORDER ON JAMES EDWARD BARBER'S MOTION TO SEVER TRIAL |
| JAMES EDWARD BARBER, | |
| Defendant. | |

## I. INTRODUCTION

The matter comes before the Court on Defendant James Edward Barber's Motion to Sever Trial (the "Motion").[1] The United States filed a Response in Opposition (the "Opposition").[2] The Court finds that the Motion is suitable for disposition without oral argument. For the reasons discussed below, the Motion is **DENIED without prejudice.**

## II. BACKGROUND

Barber and his co-defendant, Aaron Washington, are charged with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.[3]

*A. Barber's Motion to Sever*

On July 15, 2025, Barber filed the Motion under Federal Rule of Criminal Procedure 14.[4] Barber states that, according to the discovery provided to Barber thus far,

> [T]he allegations are that Washington checked luggage containing drugs at the Seattle airport, destined for Anchorage, on multiple occasions. On two separate occasions during the charged period of the alleged conspiracy, large amounts of

---

[1] Dkt. 47 (Barber's Motion to Sever Trial).
[2] Dkt. 53 (Opposition).
[3] Dkt. 2 (Indictment) at 1–2.
[4] Dkt. 47.

1

fentanyl were discovered in suitcases checked by Washington at SeaTac. After the fentanyl was removed from the suitcases, they were placed on the carousel, and they were picked up by Barber at the Anchorage airport.[5]

Barber states that Washington told law enforcement at the time of Washington's arrest that Barber did not know what was in the checked luggage.[6] He argues that severance is necessary to allow Washington to testify to that effect at trial.[7]

Barber attached, as Exhibit A, an email from Washington's counsel stating that Washington would testify on Barber's behalf if the trials are severed.[8] The email from counsel for Barber to counsel for Washington states,

> To confirm our conversation of this afternoon, you indicated to me that your client, Aaron Washington, is willing to testify, if trial were severed, that James Barber did not know what was in the suitcases he picked up at the airport in relation to the indictment in 3:25-cr-18 TMB. Can you please confirm this so I can file a motion to sever? Thanks.[9]

The response from counsel for Washington states, "Yes sir, per my client, that is correct and he will so testify at trial if called as a witness."[10] Barber argues that this email shows that Washington intends to testify.[11] Barber also argues that Washington's testimony will be exculpatory and credible because reasonable doubt as to Barber's knowledge would be dispositive of Barber's guilt, and the statement conforms to statements Washington made to law enforcement.[12]

---

[5] Dkt. 47 at 2.
[6] *Id.*
[7] *Id.* at 3.
[8] Dkt. 47-1 (Exhibit A).
[9] *Id.*
[10] *Id.*
[11] *Id.* at 3.
[12] Dkt. 47 at 3–4.

2

B. *United States' Opposition*

On July 22, 2025, the United States filed its Opposition to the Motion.[13] The Government argues that Barber has failed to meet the threshold required for severance.[14] First, the Government argues that an unsworn statement from counsel is insufficient to present reliable and specific assurance that Washington would testify.[15] Next, the Government argues that even if Washington were to testify, his testimony would not be so exculpatory as to outweigh the judicial economy of a joint trial.[16] It also questions the weight and credibility of Washington's testimony as to Barber's knowledge.[17] Finally, the Government argues that Barber's Motion is premature because the Government has not completed the discovery process, Barber's phone has not yet been reviewed by the Government's case agents or counsel, and the Government anticipates filing a superseding indictment, "which may alter the charges or add additional defendants or counts and will surely result in additional discovery to be produced."[18]

### III. LEGAL STANDARD

Federal Rule of Criminal Procedure 8 permits joinder of offenses and defendants. Separate offenses may be joined on one charging document if the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."[19] Multiple defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions,

---

[13] Dkt. 53.
[14] *Id.* at 2.
[15] *Id.* at 3 (citing *United States v. Mariscal*, 939 F. 2d 884, 885 (9th Cir. 1991).
[16] *Id.* at 4.
[17] *Id.*
[18] *Id.* at 5–6.
[19] Fed. R. Crim. P. 8(a).

3

constituting an offense or offenses."[20] Joinder is the rule rather than the exception.[21] In conspiracy cases, defendants jointly charged are presumed to be jointly tried.[22]

Severance under Federal Rule of Criminal Procedure 14 is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants."[23] A defendant seeking severance bears the heavy burden of showing that joinder is "so manifestly prejudicial that it outweigh[s] the dominant concern with judicial economy and compel[s] the exercise of the court's discretion to sever."[24] To show "clear," "manifest," or "undue" prejudice, a defendant must "show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant."[25]

The need for exculpatory testimony and confrontation rights are possible grounds for severance.[26] "[A] defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial."[27] However, the "moving defendant must show more than that the offered testimony would benefit him; he must show that the codefendant's testimony is 'substantially exculpatory' in order to succeed."[28] A district court

---

[20] Fed. R. Crim. P. 8(b).
[21] *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).
[22] *United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980).
[23] *Zafiro v. United States*, 506 U.S. 534, 539 (1993).
[24] *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007) (quoting *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)); *see also, Armstrong*, 621 F.2d at 954.
[25] *Escalante*, 637 F.2d at 1201.
[26] *Id.*
[27] *Zafiro*, 506 U.S. at 539.
[28] *Mariscal*, 939 F.2d at 886 (quoting *United States v. Ford*, 870 F2d 729, 732 (D.C. Cir. 1989)).

must consider "the exculpatory nature and effect of the desired testimony—in other words, the *degree* to which the asserted codefendant testimony is exculpatory."[29] Moreover, a court should consider "the good faith of the defendant's intent to have a codefendant testify, the possible weight and credibility of the predicted testimony, and the probability that such testimony will materialize, [and] the economy of a joint trial."[30]

## IV. ANALYSIS

The Court concludes that Barber currently does not meet his burden to show that joinder with his co-defendant creates clear, manifest, or undue prejudice such that severance is necessary to avoid violations of his trial rights.

To prove that severance is necessary on the basis of Washington's exculpatory testimony, Barber must show that the exculpatory nature, weight, credibility, and likelihood of the testimony outweigh the need for the judicial economy of a joint trial.[31] While Barber argues that testimony from Washington asserting Barber did not know what was in the checked luggage is dispositive in Barber's favor,[32] the Government argues that additional evidence of Barber's role in the charged conduct is forthcoming.[33] The Court cannot make a determination as to the exculpatory nature, weight, or credibility of Washington's proposed testimony while discovery is incomplete. Additionally, while the Court has no reason to doubt counsel for Washington or Barber's assertion that Washington intends to testify on Barber's behalf at a severed trial, the possibility of new evidence or a superseding indictment may affect Washington's willingness to testify. When balanced against the "dominant concern with judicial economy," the facts as currently before the

---

[29] *Id.* at 885.
[30] *Id.* (quoting *United States v. Kaplan*, 554 F.2d 958, 966 (9th Cir. 1977)).
[31] *See Mariscal*, 939 F.2d at 886.
[32] Dkt. 47 at 4.
[33] Dkt. 53 at 5–6.

5

Court do not show that Washington's proposed testimony would be so exculpatory as to require severing the defendants.[34]

## V. CONCLUSION

Weighing the factors of the exculpatory nature, weight, credibility, and likelihood of the testimony against the judicial economy of a joint trial, the Court finds that Barber should not be severed from his co-defendant at this time. However, given that additional discovery and further proceedings appear to be forthcoming, Barber may renew his motion if future developments in the case change the circumstances such that a joint trial would create clear, manifest, or undue prejudice.

For the foregoing reasons, Barber's Motion to Sever at Docket 47 is **DENIED without prejudice**.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 18th day of August, 2025.

/s/  
TIMOTHY M. BURGESS  
UNITED STATES DISTRICT JUDGE

---

[34] *See Lopez*, 477 F.3d at 1116.