Burke Wonnell
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
188 W. Northern Lights Blvd., Suite 700
Anchorage, Alaska 99503
Phone: (907) 646-3400
Fax: (907) 646-3480
Email: burke_wonnell@fd.org

*Counsel for Defendant James Edward Barber*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAMES EDWARD BARBER,<br><br>  Defendant. | Case No. 3:25-cr-18 TMB MMS<br><br>**OPPOSITION TO MOTION TO DECLARE CASE COMPLEX AT DOCKET 157** |

COMES NOW Defendant James Edward Barber, by and through undersigned counsel, and hereby enters his opposition to the government's motion to declare the case complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The government argues that the case is so complex that it is unreasonable to expect that the government will be prepared for trial within the 70-day time period established under the STA. The current record does not support the government's motion.

/

/

/

**ARGUMENT**

A. **The facts of this case at the present time do not support a finding that the case is so complex that the parties will require additional time to prepare for trial.**

When a court declares a case complex, it impacts the calculation of the defendant's speedy trial rights by allowing the court to exclude certain periods of delay from the 70-day time limit within which a trial must commence. 18 U.S.C. § 3161(h)(7)(A). Complexity is covered by subsection (B)(ii), which permits excludable delay where:

> the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by this section.

The court must explicitly state its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

The government notes that the present case involves seven defendants, five of whom were recently added. The government also notes that there are outstanding discovery matters concerning cellphone extractions, jailhouse phone calls, lab

reports on drug analysis, along with search warrants from out of state, which are "pending upload and production at this time." Docket 157 at 4. The government claims that this case should be declared complex, "[g]iven the number of Defendants, the numerous state and law enforcement agencies involved in this case, the amount of discovery produced thus far, and the amount still to come". Docket 157 at 6.

At the moment, there is no reason to declare the present case complex. The nature of the charges is not especially complicated. The original indictment charged Washington and Barber with a single count of drug conspiracy, alleging that Washington smuggled drugs through the Anchorage airport in his checked bags during flights he took over the course of a year. The government alleges that Mr. Barber picked up two suitcases during that period.

The second superseding indictment adds five additional co-defendants to Count 1. Counts 2-3 and 5-8 correspond with individual drug distribution activities Washington is alleged to have committed during the conspiracy. Barber is named as a co-defendant on Count 7 and Erike Rene Willers is charged as a co-defendant on Count 8. Charlotte Hill-Rorem is charged

alone on Count 4. Finally, Count 9 charges Washington with felon in possession. With the exception of Count 4, none of the new co-conspirators has been charged with overt acts in furtherance of the conspiracy.

The number of defendants charged in a particular case may in certain cases make a case so complex that it cannot reasonably be prepared for trial within the standard speedy trial clock. But the number of defendants alone, or in conjunction with the other factors cited by the government, is not sufficient grounds for declaring a case complex. Here, the fact that the government added five co-defendants to the original indictment, only one of whom has been charged with a separate overt act, does not render this case complex. The conduct alleged in the original indictment remains unchanged. The conspiracy is alleged to have taken place over a relatively short period of time. The inclusion of various co-defendants from outside Alaska, who apparently are alleged to have acted as links in the distribution chain, does not make the nature of the underlying conspiracy unusually lengthy or far-reaching.

The government also indicates that numerous law enforcement agencies were and are involved in the investigation. This is true in practically every drug case brought in federal court. The government states that the amount of discovery produced in this case is significant, and that the discovery remaining to be produced is likely to be voluminous. This is true in practically every drug case brought in federal court.

The government has failed to explain why any of the factors it has listed, alone or in combination, make it unreasonable to expect the parties to be able to proceed with trial on November 24th, fifty days after its motion at Docket 157, and fully **eight months** after Barber was indicted. A finding that this case is complex under 18 U.S.C. §3161(h)(7)(B)(2)(ii) is therefore inappropriate on the information in the record as of this filing.

/

/

/

/

*United States v. James Edward Barber*
Case No. 3:22-cr-65 SLG MMS                                                    Page 5

DATED at Anchorage, Alaska this 10th day of October, 2025.

>Respectfully submitted,
>
>FEDERAL PUBLIC DEFENDER
>DISTRICT OF ALASKA
>
>*/s/ Burke Wonnell*
>Burke Wonnell
>Assistant Federal Defender

Certificate of Service:
I hereby certify that I electronically filed the foregoing and any attachments with the Clerk of Court for the United States District Court for the District of Alaska by using the district's CM/ECF system on October 10, 2025. All participants in this case are registered CM/ECF users and will be served by the district's CM/ECF system.
*/s/ Burke Wonnell*

*United States v. James Edward Barber*
Case No. 3:22-cr-65 SLG MMS                                                   Page 6

Case 3:25-cr-00018-TMB-MMS   Document 166   Filed 10/10/25   Page 6 of 6