# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>AARON WAYNE WASHINGTON, JAMES EDWARD BARBER, CHARLOTTE LAMAE HILL-ROREM, ERIKA RENE WILLERS, GLENN COOPER, KENNETH DEGROFF, AND AFSHIN MANZAR,<br><br>              Defendants. | Case No. 3:25-cr-00018 TMB |

## AMENDED TRIAL SCHEDULING ORDER

1. **Trial Deadlines**

This case is set for Trial on **February 17, 2026**, in Anchorage Courtroom 1 before Judge Timothy M. Burgess. The Court hereby establishes the following deadlines:[1]

| **DATE** | **EVENT** |
|---|---|
| **November 14, 2025** | Deadline to produce all additional discovery |
| **December 12, 2025** | Pretrial Motions Deadline |
| **December 29, 2025** | File Motions *in limine* |
| **January 5, 2026** | File Responses to Motions *in limine* |

---

[1] *See* District of Alaska Local Civil Rules and District of Alaska Local Criminal Rule 1.1(b).

| DATE | EVENT |
|---|---|
| **January 13, 2026**<br>**at 10:00 AM**<br>Anchorage Courtroom 1 | Final Pretrial Conference |
| **January 27, 2026** | Parties to meet and confer on Preliminary Statement, *Voir Dire*, Jury Instructions, Jury Questionnaire, and Verdict Form(s)<br>Exhibit Exchange |
| **February 5, 2026** | File Trial Brief<br>File 404(b) Notice<br>File Proposed Preliminary Statement of the Case<br>File Proposed *Voir Dire*<br>File Proposed Jury Instructions<br>File Proposed Verdict Form<br>File Trial Exhibit List<br>File Trial Stipulations |
| **February 17, 2026,**<br>**at 8:30 AM**<br>Anchorage Courtroom 1 | Trial by Jury |

**The deadlines in this order are firm. This order may be modified only for good cause shown and with the consent of the Court.** *See* Federal Rule of Criminal Procedure 12(c)(2).

2. **Case Management**

The parties are encouraged to provide reciprocal Jencks Act disclosures soon.

a. <u>Trial Documents</u>.

i. *Trial Briefs*: Counsel for each party shall file with the Court, *ex parte* if necessary, a trial brief. A complete trial brief includes: (1) a statement of the facts; (2) a complete discussion of the controlling law together with specific citations of statutes and case law; and (3) a discussion of any evidentiary issues likely to arise at trial.

ii. *Preliminary Statement of the Case*: Counsel shall confer and agree upon a concise written statement describing the case in an impartial, easily understood manner to file with the Court to be read to the jury panel prior to *voir dire*.

iii. *Jury Materials*: Counsel shall meet and confer and attempt to jointly file a complete set of proposed written *voir dire* questions, jury instructions, a jury questionnaire, if warranted, and a special verdict form. Counsel shall separately file any disputed proposed Jury Materials, supported by legal authority. A full set of agreed-upon and disputed proposed Jury Materials in Word format and modified to conform to the facts of the case shall also be emailed to [Chambers proposed orders email address](). Differences in proposed Jury Materials will be resolved prior to trial.

iv. *Exhibits*: All trial exhibits a party expects to introduce into evidence must be provided to opposing counsel as ordered herein. Parties should also provide a Table of Contents that identifies the exhibits and provides a brief description of each item. A copy of all exhibits (or photographs or placeholders for physical evidence) shall also be provided at that time to the Court. Exhibits shall be marked in a way that identifies the party introducing the exhibit. For multiple page exhibits, the first page shall be marked as "-1," with each subsequent page identified sequentially (i.e., "-2," "-3," etc.). Exhibits offered in multiple defendant cases shall identify the particular defendant offering the exhibits. Examples are as follows:

"Govt. 1" (a single page or single item Exhibit 1)

"Def. 3-1" (page one of a multiple page Exhibit 3)

"Def. Jones 1-5" (page 5 of Defendant Jones' Exhibit 1)

Counsel are expected to use the Court's Digital Evidence Presentation System (DEPS). Counsel should be familiar with how DEPS works and shall make arrangements with the Clerk's Office to test any digital equipment. If a party wishes to use hard copies of exhibits, that party must provide a copy of each such exhibit to the opposing party, the Court, and the witness.

 v. *Sensitive Exhibits*: Sensitive Exhibits include drugs, cash, firearms or other weapons, or any other similar types of items that may be considered contraband, excluding child sexual abuse material (CSAM). *See* Local Criminal Rule 23.1.

 vi. *Trial Stipulations*: Counsel shall meet and confer and agree upon any stipulations of fact or expected testimony. Stipulations shall be reduced to writing, signed by both counsel and Defendant, and filed with the Court prior to their admission.

 b. <u>Plea Agreements</u>. Unless otherwise ordered, any notice of intent to change plea must be filed no less than two weeks prior to the scheduled trial date. The notice of intent to change plea must indicate whether the plea will be pursuant to a written plea agreement or not (an "open plea"). *See* Local Criminal Rule 11.2. For changes of plea entered without a plea agreement, the parties are directed to file a Proposed Statement of Facts prior to the change of plea.

IT IS SO ORDERED.

DATED this 29th day of October, 2025, at Anchorage, Alaska.

           */s/ Timothy M. Burgess*
           TIMOTHY M. BURGESS
           UNITED STATES DISTRICT JUDGE

Case No. 3:25-cr-00018-TMB-MMS, *USA v. Washington, et al.*
Amended Trial Scheduling Order
Page 4 of 4
Case 3:25-cr-00018-TMB-MMS Document 217 Filed 10/29/25 Page 4 of 4